UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SERGIO GROBLER, Individually and On Behalf Of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>NEOVASC INC., ALEXEI MARKO, and CHRISTOPHER CLARK,<br><br>Defendants. | Case No. 16-cv-11038-RGS<br><br>**Oral Argument Requested** |

**DEFENDANTS NEOVASC INC.'S, ALEXEI MARKO'S, AND CHRISTOPHER CLARK'S MOTION TO DISMISS CLASS ACTION COMPLAINT**

Pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), as well as the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(b)(3) (the "PSLRA"), Defendants Neovasc Inc., Alexei Marko, and Christopher Clark (collectively, "Defendants") hereby move to dismiss this putative class action in its entirety and with prejudice. In support of this Motion, the Defendants rely upon their accompanying Memorandum of Law in Support of Defendants' Motion to Dismiss Class Action Complaint (the "Memorandum") and the Declaration of Brian P. Miller. As grounds for this Motion and as discussed in detail in the Memorandum, Defendants state:

1. As to Count I of the Class Action Complaint (the "Complaint"), Plaintiff fails to state a claim under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 for several reasons.

2. First, the Complaint fails to state a claim under Section 10(b) and Rule 10b-5 because Plaintiff's claims are based exclusively on non-actionable forward-looking statements

where Defendants allegedly made, or caused to be made, statements which were covered by the safe harbor of 15 U.S.C. § 78u-5.  The statements (when examined in their full context, including a review of Neovasc Inc.'s filings with the Securities and Exchange Commission) were identified in the nature of being forward-looking and were sufficiently accompanied by the applicable meaningful cautionary statements.  Application of the safe harbor dictates the dismissal of all of Plaintiff's claims.

3.	Second, Plaintiff fails to plead securities fraud with the specificity required by the PSLRA and Rule 9(b).  Plaintiff fails to plead a cognizable claim because Plaintiff does not sufficiently specify statements and adequately set forth reasons why those statements are misleading or, with respect to omissions, why the alleged omissions were material.  When put in their complete and proper context (when examined in their full context, including a review of Neovasc Inc.'s filings with the Securities and Exchange Commission), none of the statements at issue is material or misleading, and they do not omit material information.  Therefore, none of the statements at issue is actionable.

4.	Third, Plaintiff fails to plead the requisite scienter as to each of the alleged misrepresentations and omissions.  The Complaint does not allege sufficient facts to establish a strong inference that Defendants acted with scienter when making the statements at issue.

5.	Fourth, Plaintiff fails to plead the required element of loss causation.  Plaintiff fails to allege a plausible connection between the statements at issue and proximate causation of any alleged losses.

6.	As to Count II under Section 20(a) of the Securities Exchange Act of 1934, because there is no underlying Rule 10b-5 violation, the Section 20(a) claim fails.

**REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 7.1(d), Defendants respectfully request oral argument on this Motion.

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(a)(2), counsel for Defendants certifies that counsel for Defendants conferred with counsel for Plaintiff, and the parties were unable to resolve or narrow the issues.

        NEOVASC INC., ALEXEI MARKO and CHRISTOPHER CLARK

        By their attorneys,

        /s/ Meredith Wilson Doty
        Alan D. Rose (BBO #427280)
        Michael L. Chinitz (BBO #552915)
        Meredith Wilson Doty (BBO #652220)
        Rose, Chinitz & Rose
        One Beacon Street, 23rd Floor
        Boston, MA  02108
        Phone: (617) 536-0040
        Fax: (617) 536-4400
        adr@rose-law.net
        mlc@rose-law.net
        mwd@rose-law.net

        Brian P. Miller (*pro hac vice* pending)
        brian.miller@akerman.com
        Bryan T. West (*pro hac vice* pending)
        bryan.west@akerman.com
        Samantha J. Kavanaugh (*pro hac vice* pending)
        samantha.kavanaugh@akerman.com
        AKERMAN LLP
        Three Brickell City Centre, Suite 1100
        98 Southeast Seventh Street
        Miami, Florida  33131
        Telephone: 305-374-5600
        Telefax: 305-374-5095
        *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent via mail to those indicated as non-registered participants on July 1, 2016.

                                  /s/ Meredith Wilson Doty